CASE No. 944.

HARRISON v. BAILEY.

1. A verbal contract with a judgment debtor to purchase his land at the execution sale, and then to transfer one-half of it to the debtor, is within the terms of the statute of frauds, and may not be established by parol evidence.

2. An agreement made by a stranger with a judgment debtor to purchase the judgment, and allow the debtor one-half of the profits to be made by a sale of his land under the judgment, is without consideration, and therefore not binding.

3. A court of equity will not lend its aid to enforce an agreement, whose object appears to have been to defeat the claims of the creditors of the plaintiff.

Before MACKEY, J., Greenville, April, 1878.

Action by William A. Harrison against John Bailey, commenced in 1877. The complaint was as follows:

The plaintiff, by Earle & Wells, his attorneys, complaining of the defendant, for cause of action shows as follows, to wit:

The plaintiff was largely indebted, and having a large family was sorely pressed to support them, and his homestead having been set off to him under an execution in favor of G. F. Townes for about $2100, he was residing at Reidville, in Spartanburg county, where the defendant came to him and pretended greatly to sympathize with him and with his family, and being his brother-in-law, proposed to befriend him and enable him again to start in the world, and said that he personally had some special means of acquiring the judgment of Townes, with whom he had intimate relations, and of having it transferred to him at chambers, and it was agreed by and between them that the defendant should acquire said judgment and bring the land into sale and buy it, unless it should sell too largely in excess of the whole amount of the judgment, and the defendant, Bailey, was to buy the said judgment and incur all expenses himself, and then transfer one-half of the land to the plaintiff in such manner as plaintiff should direct, in order to secure to his family the uninterrupted

enjoyment thereof, but if it should sell largely in excess of the judgment, then the costs of the judgment and the necessary expenses were to be deducted, and the plaintiff was to receive the balance of the money.

. 2. Plaintiff subsequently learned that this visit and conversation was on the Saturday previous to the sale on Monday of the Townes judgment by his assignee, as a portion of his assets in bankruptcy.

That the defendant, Bailey, suppressed the truth as to the judgment being for sale at auction, and misled and deceived the plaintiff by pretending that he possessed special means of obtaining the judgment and of having it transferred to himself.

3. That shortly after this defendant came again to plaintiff's house and informed plaintiff that he had secured the judgment, but evading the cost of it, gave plaintiff to understand that it was between $700 and $800, and it was agreed that the land should at once be brought into sale and that plaintiff should go up and attend the same. A few days after this, however, the defendant wrote that he " must on no account come to Greenville on the day of sale, that these were days of injunctions, and that the matter must be done secretly and cautiously;" and plaintiff, reposing implicit confidence in the defendant's disposition to aid him in his embarrassment, and being impressed by his assumed kindly disposition to serve him, did not go to the sale on the first Monday in April, 1874, and it was not until afterwards that plaintiff learned that defendant had craftily and subtilely deceived him by the disguise of his pretended sympathy and friendship, and in utter violation of his agreement had allowed the land to be sold for some $200 or $300 less than the judgment and received the money himself.

4. Defendant, Bailey, paid plaintiff $800, which plaintiff thought it better to accept, as the land was irretrievably gone, and said Bailey promised to arrange the remainder to plaintiff's satisfaction, but plaintiff has sought, on two occasions, to meet the defendant, who has adroitly evaded meeting him, and he has been unable to obtain the balance due him.

5. And this plaintiff alleges and charges that the defendant has adroitly deceived and defrauded him, and by this means has

succeeded in preventing his purchasing said judgment, and has obtained it, according to his own statement, with all expenses thereof paid, for $250, and having done so has basely disregarded his contract to buy the land, pay the costs of the judgment and all expenses, and divide the same as herein set forth; that having obtained an unconscionable advantage of the plaintiff by abusing his confidence, has obtained the proceeds of said judgment and refused to pay over the same.

Wherefore plaintiff prays judgment—

1. That said defendant, in this purchase of said judgment, may be deemed to be the trustee of this plaintiff, and to have purchased the same for him and on his behalf.

2. That an accounting may be had, and that, after allowing defendant all just credits for amounts actually paid out, and for the amount paid plaintiff, the defendant be decreed to pay him the remainder of the money received on said judgment, together with interest from sales-day in April, A. D. 1874.

3. For such other and further relief as the court shall deem meet and to equity pertains.

4. For his costs herein.

The answer denied the statements of the complaint, set up a different agreement, of which there had been full performance, and plead the statute of frauds.

Upon the pleadings, the Circuit judge dismissed the complaint as not stating facts sufficient to constitute a cause of action, and as the contract alleged was obnoxious to the statute of frauds, it being a parol agreement for the purchase of land, and without consideration.

Plaintiff appealed.

*Mr. W. E. Earle,* for appellant.

*Mr. J. S. Cothran,* contra.

November 29th, 1880. The opinion of the court was delivered by

McIVER, A. J. In this case the Circuit judge dismissed the complaint upon two grounds: *First.* Because it did not state

facts sufficient to constitute a cause of action. *Second.* Because the contract sued upon was obnoxious to the statute of frauds. The case must therefore be considered as though all the allegations contained in the complaint, which are properly pleaded, were true. So considering it, we agree entirely with the Circuit judge. If the cause of action be regarded as a contract by which the defendant undertook to purchase the land of the present plaintiff under the execution in favor of Townes, "and then transfer one-half of the land to the plaintiff in such manner as plaintiff should direct, in order to secure to his family the uninterrupted enjoyment thereof," as some of the allegations in the complaint would seem to imply, then, clearly, it was a contract for an interest in lands which is within the terms of the statute of frauds, and parol evidence, upon which alone it is alleged to rest, would not be sufficient to establish it. *McDonald* v. *May*, 1 *Rich. Eq.* 91.

If, on the other hand, the cause of action alleged be regarded as an agreement on the part of the present defendant to buy the judgment in favor of Townes against the present plaintiff, and to allow him one-half of any profit that might be made by the transaction, then, clearly, there was no consideration alleged for such an agreement, and hence it does not constitute a cause of action. The present plaintiff was under an obligation to pay the whole amount of the judgment, and his property, as the event proved, was sufficient for that purpose, and although something is said in the complaint about a homestead having been set off to him under the Townes judgment, there is no allegation that such homestead was set off to him in the land which was subsequently sold, or that it was a part of the agreement that the present plaintiff should abandon or waive his claim of homestead, if, indeed, he could do so, whereby the land out of which it was carved might be sold by the present defendant for its full value, and that in consideration thereof the defendant had agreed to divide with the plaintiff any profit made by the transaction.

There is another view of this matter which would be fatal to the claim of the plaintiff. There is no principle of equity better settled than that he who seeks equity must himself do equity— that one who comes into the court of equity must come with

clean hands. In this case it is impossible to avoid the impression that the whole object of the alleged arrangement between the plaintiff and the defendant was to defeat the claims of the creditors of the plaintiff, and to such purpose no court should lend its aid.

The judgment of the Circuit Court is affirmed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.